1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GREGORY BONTEMPS,                      No.  2:17-cv-2406 DB P

12                  Plaintiff,

13        v.                                ORDER AND

14   J. LEBECK,                             FINDINGS AND RECOMMENDATIONS

15                  Defendant.

16

17        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42

18   U.S.C. § 1983.  On January 16, 2018, plaintiff filed an application to proceed in forma pauperis.

19   (ECF No. 5.) For the reasons set forth below, the undersigned will recommend that this

20   application be denied.

21   **I.      Legal Standards**

22        The Prison Litigation Reform Act ("PLRA") was intended to eliminate frivolous lawsuits,

23   and its main purpose was to address the overwhelming number of prisoner lawsuits. Cano v.

24   Taylor, 739 F.3d 1214, 1219 (9th Cir. 2014).  28 U.S.C. § 1915(g), a part of the PLRA, reads:

25               In no event shall a prisoner bring a civil action or appeal a judgment
                 in a civil action or proceeding under this section if the prisoner has,
26               on 3 or more prior occasions, while incarcerated or detained in any
                 facility, brought an action or appeal in a court of the United States
27               that was dismissed on the grounds that it is frivolous, malicious, or
                 fails to state a claim upon which relief may be granted, unless the
28               prisoner is under imminent danger of serious physical injury.

                                             1

28 U.S.C. § 1915(g). As the Supreme Court has stated, this "three strikes rule" was part of "a variety of reforms designed to filter out the bad claims filed by prisoners and facilitate consideration of the good." Coleman v. Tollefson, 135 S. Ct. 1759, 1762 (2015) (quoting Jones v. Block, 549 U.S. 199, 204 (2007)).

If a prisoner has "three strikes" under § 1915(g), the prisoner will be barred from proceeding IFP unless he meets the exception for imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007).

The Ninth Circuit has held that the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2014); Andrews, 493 F.3d at 1055.

**II. Discussion**

Plaintiff initiated this action on November 15, 2017. Prior to that date, the following cases filed by plaintiff were dismissed for the reasons set forth here[1]:

1. Bontemps v. Lee, 2:12-cv-0771-KJN (E.D. Cal.), dismissed without leave to amend on January 31, 2013, for failure to state a claim (ECF No. 20);

2. Bontemps v. Kramer ("Kramer I"): 2:06-cv-2483-RRB-GGH (E.D. Cal.), dismissed without prejudice on December 22, 2008, for failure to file an amended pleading after dismissal upon screening (ECF Nos. 9, 12, 14);

3. Bontemps v. Kramer ("Kramer II"): 2:06-cv-2580-JAM-GGH (E.D. Cal.), dismissed without prejudice on August 30, 2007, for failure to file an amended complaint after dismissal upon screening (ECF Nos. 9, 11, 12); and

4. Bontemps v. Gray ("Gray"): 2:07-cv-710-MCE-CMK (E.D. Cal.), dismissed without prejudice on July 5, 2007, for failure to file an amended complaint upon screening (ECF Nos. 3, 6, 7).

Of these four cases, only one clearly counts as a strike (Bontemps v. Lee, 2:12-cv-0771-

---

[1] The court takes judicial notice of these cases pursuant to Federal Rule of Evidence 201.

KJN). Of the remaining three cases, the dismissals were for failure to file an amended complaint and failure to comply with a court order. In each of these latter three cases, the underlying dismissal of the complaint was for failure to state a claim.

The Ninth Circuit had not addressed in a published opinion whether dismissals of this kind count as a strike under § 1915(g)[2], and district courts faced with this question have reached different results. Compare Bontemps v. Callison, 2:13-cv-1360-KJM-AC (declining to find that dismissals for failure to file an amended complaint and failure to prosecute were strikes because the underlying complaints had been dismissed for failure to state a claim with leave to amend); and Keeton v. Cox, 2:06-cv-1094-GEB-CKD, 2009 WL 650413, at *6 (E.D. Cal. Mar. 12, 2009), recommendation adopted by 2010 WL 1173073 (E.D. Cal. Mar. 23, 2010) (stating that a dismissal for failure to amend a complaint dismissed with leave to amend is not a strike because the underlying order recognized pleading defects were remediable), with Hudson v. Bigney, 2:11-cv-3052 LKK AC, 2013 WL 6150789 (E.D. Cal. Nov. 22, 2013) ("A dismissal for failure to prosecute an action constitutes a strike when it is based upon the plaintiff's failure to file an amended complaint after the original complaint is dismissed for failure to state a claim."), (adopted in full by 2014 WL 309484 (E.D. Cal. Jan. 28, 2014)).

Another judge of this court recently considered this same issue concerning these same cases with this same plaintiff in Bontemps v. Harper, 2:13-cv-0506 MCE EFB. The judge in that case determined that the Ninth Circuit's decision in Knapp v. Hogan, 738 F.3d 1106, 1108 (9th Cir. 2013), is conclusive on the question of whether a dismissal for failure to amend and failure to prosecute counts as a strike under §1915(g). At issue in Knapp was whether the dismissal of an action for failure to comply with Federal Rule of Civil Procedure 8(a)'s "short and plain statement" requirement constituted a strike. The Ninth Circuit held that it did. By expanding the scope of § 1915(g)'s "failure to state a claim" beyond Federal Rule of Civil Procedure 12(b)(6), the court held that "after an incomprehensible complaint is dismissed under Rule 8 and the

---

[2] In an unpublished decision, Baskett v. Quinn, 225 Fed. App'x. 639 (9th Cir. Mar. 21, 2007), the Ninth Circuit upheld a district court order finding that a prior dismissal for failure to file an amended complaint constituted a strike.

plaintiff is given, but fails, to take advantage of the leave to amend, 'the judge [is] left with [] a complaint that, being irremediably unintelligible, [gives] rise to an inference that the plaintiff could not state a claim." 738 F.3d at 1110 (internal citations omitted). The court's determination in Bontemps v. Harper was affirmed in an unpublished memorandum decision on December 29, 2017, Case No. 16-16418 (9th Cir.), where the appellate court held as follows:

> The district court properly revoked Bontemps' IFP status because at least three of Bontemps' prior cases qualified as "strikes" under 28 U.S.C. § 1915. *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("[W]hen (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)."); *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (defining when a case is frivolous or malicious, or fails to state a claim under 28 U.S.C. § 1915, and can be considered a strike).

In each of the three cases at issue here, the respective courts found on screening that plaintiff failed to state a claim. Though the undersigned agrees with Bontemps v. Callison and Keeton v. Cox that, by granting leave to amend, the courts found that the defects identified on screening may have been remediable, the plaintiff's subsequent failure to take advantage of the leave to amend gave "rise to an inference that [he] could not state a claim." See Knapp, 783 F.3d at 1110. The undersigned therefore reaches the same conclusion as was reached in Bontemps v. Harper that the dismissals in Kramer I, Kramer II, and Gray for failure to file an amended complaint count as strikes.

The next question before the court is whether plaintiff qualifies for the exception to the three-strikes rule – that is, was plaintiff faced with imminent danger of serious physical injury at the time his complaint was filed. Plaintiff's pleading asserts an excessive force claim against a single defendant for conduct occurring on June 7, 2017. The undersigned finds that this incident, which predates the filing of this action by several months, does not qualify plaintiff for the imminent danger exception of the three-strikes rule.

### III.   Conclusion

Accordingly, IT IS HEREBY ORDERED that a district judge be assigned to this case; and

////

4

IT IS HEREBY RECOMMENDED that plaintiff's motion to proceed in forma pauperis be DENIED and plaintiff be required to furnish the statutory filing fee of $400 to proceed with this action and be admonished that failure to pay the filing fee within thirty days of any order adopting this recommendation will result in dismissal of this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 25, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Substantive/bont2406.ifp deny fr